UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE L. HERENDEEN,
As Chapter 7 Trustee of the Estate
of William Elmo Turner and Bonnie
Kay Turner, a/k/a Bonnie Kay Dittmar,
a/k/a Bonnie Kay Duncan,

    Plaintiff,

v.                                    Case No: 8:20-cv-2231-TPB

FORD MOTOR CREDIT COMPANY
LLC, a Delaware Limited Liability
Company,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT FORD MOTOR CREDIT COMPANY LLC'S MOTION TO WITHDRAW THE REFERENCE**

This matter is before the Court on "Defendant, Ford Motor Credit Company LLC's Motion to Withdraw the Reference, and Supporting Memorandum of Law." (Doc. 1).  Upon review of the motion, response, court file, argument of counsel, and the record, the Court finds that cause has been shown for withdrawal of the reference under 28 U.S.C. § 157(d).  *See generally Herendeen v. Specialized Loan Servicing LLC (In re Fields)*, No 8:15-cv-1521-T-24, 2015 WL 5316944, at *2 (Sept. 11, 2015) (discussing factors applicable to withdrawal of reference).

Pretrial proceedings in the Bankruptcy Court, including summary judgment proceedings, are substantially complete and the only remaining proceedings required are final pretrial preparations and trial.  The only remaining claim to be

tried is a non-core, state law claim under the Florida Consumer Collection Practices Act ("FCCPA"), and the Bankruptcy Court lacks jurisdiction to enter final judgment without the parties' consent.  *See Idarraga v. Asset Acceptance, LLC,* No. 3:14-cv-1275-J-25JBT, 2015 WL 11439061, at *2 (M.D. Fla. Sept. 29, 2015) (holding that FCCPA claim is a non-core, state law claim and bankruptcy court lacks power to enter final judgment without the parties' consent) (citing *Stern v. Marshall*, 564 U.S. 462, 483-503 (2011)).  Defendant has not consented to entry of judgment by the Bankruptcy Court and therefore any determination of the claim in the Bankruptcy Court would be subject to *de novo* review by this Court.  Defendant also has not consented to a jury trial in the Bankruptcy Court.  *See* 28 U.S.C. § 157(e) (where the right to jury trial applies, bankruptcy court may conduct jury trial if specially designated to do so and the parties consent); *Scharrer v. Troutman Sanders, LLP (In re Fundamental Long Term Care, Inc.*), No. 8:14-cv-1800-EAK, 2014 WL 4452711, at *2 (M.D. Fla. Sept. 9, 2014) (noting that jury trials are permitted in bankruptcy court only when all parties consent).

It is therefore

**ORDERED, ADJUDGED, AND DECREED:**

1. "Defendant, Ford Motor Credit Company LLC's Motion to Withdraw the Reference" (Doc. 1) is **GRANTED**, and the reference is hereby **WITHDRAWN** with respect to Adversary Proceeding No. 8:19-ap-0093-RCT.

2. The Clerk of the Bankruptcy Court is **DIRECTED** to transfer the file to the Clerk of this Court and thereafter close the adversary proceeding.

3. The Clerk of this Court is thereafter **DIRECTED** to open this matter as a new civil case and randomly assign the case to a district judge and magistrate judge in accordance with the rules of this Court.

4. The Clerk of this Court is **DIRECTED** to close Case No. 8:20-cv-2231-TPB.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of December, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**